ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| LUCIANO VELÁZQUEZ SANTOS<br><br>Peticionario<br><br><br>V.<br><br>WASTE COLLECTION, SEGUROS MÚLTIPLES<br><br>Recurridos | KLCE202300955 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Germán<br><br>Caso Núm.: SG2023CV00119<br><br>Sobre: Daños |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Comparece el peticionario Luciano Velázquez Santos quien solicita la revisión de una Resolución del Tribunal de Primera Instancia, Sala de San Germán, dictada el 10 de agosto de 2023, notificada el 16 de agosto siguiente. Mediante esta, el foro primario le impuso una sanción de $2,000 al demandante, luego reducida a $500, por no haber cumplido con una orden emitida el 27 de junio de 2023.

Evaluado el recurso y el tracto del caso, determinamos expedir el recurso y revocar la sanción emitida. Exponemos.

## I.

El 27 de febrero de 2023 Luciano Velázquez Santos presentó una demanda de daños y perjuicios contra Waste Collection Corp. y la aseguradora Cooperativa de Seguros Múltiples de Puerto Rico (en adelante, Seguros Múltiples). Reclamó los daños a su vehículo de motor, a consecuencia de que un camión de Waste Collection

impactó un árbol, cuyas ramas cayeron sobre el auto del demandante. Reclamó daños por $700, más costas, gastos y honorarios de abogado.

El 22 de mayo de 2023 la Cooperativa de Seguros Múltiples informó al tribunal que fue emplazada y solicitó prórroga para contestar la demanda. El 23 de mayo de 2023, notificada el día siguiente, el foro primario le concedió treinta (30) días para contestar la demanda.

El 26 de junio de 2023 el señor Velázquez Santos presentó una *Moción solicitando anotación de rebeldía*. Informó que el término concedido para contestar la demanda había culminado, por lo que, requirió que se le anotara la rebeldía a Waste Collection y a la Cooperativa de Seguros Múltiples.

El 27 de junio de 2023 la Cooperativa de Seguros Múltiples presentó su *Oposición a Moción Solicitando Anotación de Rebeldía.* Alegó que se había comunicado con el demandante para tratar de lograr una transacción en el caso. Igualmente informó que de los autos no surgía de que Waste Collection fuese emplazada.[1] Ese mismo día, Seguros Múltiples contestó la demanda. Además, presentó una moción mediante la cual informó que en ese mismo día le estaba cursando un interrogatorio al demandante.[2]

El 27 de junio de 2023 el tribunal denegó la solicitud de anotación de rebeldía y aceptó la contestación a la demanda de la Cooperativa de Seguros Múltiples. Dispuso además lo siguiente:

> 3. SE TOMA CONOCIMIENTO DEL DESCUBRIMIENTO DE PRUEBA CURSADO POR LA PARTE DEMANDANTE Y SE CONCEDE A LA PARTE DEMANDADA, EL TÉRMINO PERENTORIO E IMPRORROGABLE DE TREINTA (30) DÍAS PARA CONTESTAR EL MISMO E INICIAR DE SU PARTE, CUALQUIER DESCUBRIMIENTO DE PRUEBA QUE DESEE O INTERESE LLEVAR A CABO.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada 9.
[2] SUMAC entrada 11.

4. DE ALCANZAR LAS PARTES ALGÚN ACUERDO Y/O ESTIPULACIÓN CON POSTERIORIDAD A LA PRESENTE RESOLUCÓN, QUE PERMITA AL TRIBUNAL DISPONER DE LA PRESENTE ACCIÓN CIVIL BAJO LA REGLA 35.4 DE LAS DE PROCEDIMIENTO CIVIL, NOTIFÍQUESE AL TRIBUNAL. DE MANERA TAL QUE PODAMOS DICTAR SENTENCIA, SIN LA NECESIDAD DE CELEBRAR VISTA SOBRE EL ESTADO DE LOS PROCEDIMIENTOS, ORDENAR LA COFECCIÓN DEL INFORME DE MANEJO DE CASOS, CELEBRAR VISTA SOBRE DISCUSIÓN DE DICHO INFORME O PRE-TRIAL Y CALENDARIZAR VISTA PARA EL JUICIO EN SU FONDO.

5. CÚMPLASE CON LO HOY DISPUESTO Y/U ORDENADO, SO PENA DE DESACATO Y/O SEVERAS SANCIONES ECONÓMICAS BAJO LA REGLA 44.2 DE LAS DE PROCEDIMIENTO CIVIL. (Énfasis nuestro).

Así las cosas, el 1ro de agosto de 2023, el Tribunal emitió otra orden en la cual le impuso al demandado Waste Collection una multa por $2,000. Específicamente la orden indicaba así:

EXAMINADO EL EXPEDIENTE LEGAL DEL CASO DE AUTOS Y EL TRACTO PROCESAL DEL MISMO SURGE, QUE EL 27 DE JUNIO DE 2023, NOTIFICADA EL 28 DE JUNIO DE 2023, SE EMITIÓ RESOLUCIÓN A TRAVÉS DE LA CUAL ATENDIDAS VARIAS MOCIONES, ENTRE OTROS ASUNTOS, EN EL ACÁPITE TRES (3) DE LA MISMA SE CONCEDIÓ A LA PARTE DEMANDA EL TÉRMINO PERENTORIO E IMPRORROGABLE DE TREINTA (30) DÍAS PARA CONTESTAR EL DESCUBRIMIENTO DE PRUEBA QUE LE FUERA CURSADO POR LA PARTE DEMANANTE. IGUAL TÉRMINO SE LE CONCEDIÓ PARA INICIAR DE SU PARTE, CUALQUIER DESCUBRIMIENTO DE PRUEBA QUE DESEARA O INTERESARA LLEVAR A CABO.

LA ORDEN EMITIDA DISPONÍA CLARAMENTE, QUE DEBÍA CUMPLIRSE CON LO ORDENADO, SO PENA DE DESACATO Y/O SEVERAS SANCIONES ECONÓMICAS BAJO LA REGLA 44.2 DE LAS DE PROCEDIMIENTO CIVIL.

AL DÍA DE HOY, HABIENDO TRANSCURRIDO EL TÉRMINO CONCEDIDO PARA ELLO, LA PARTE DEMANDADA HA INCUMPLIDO CON LA ORDEN EMITIDA POR ESTE TRIBUNAL, NO SURGIENDO PRETEXTO O EXCUSA ALGUNA QUE JUSTIFIQUE SU INCUMPLIMIENTO. **EN SU CONSECUENCIA, SE ENCUNTRA A LA PARTE DEMANDADA WASTE COLLECTION INCURSA EN DESCATO Y SEGÚN LE FUERA ADVERTIDO, SE LE IMPONE UNA SANCIÓN ECONÓMICA DE $2,000 DÓLARES A FAVOR DEL ESTADO, LA CUAL DEBERÁ SER SATISFECHA EN LOS PRÓXIMOS DIEZ (10) DÍAS SO PENA DE DESACATO Y/O AUMENTAR LA CANTIDAD IMPUESTA.**

DE IGUAL FORMA, SE ORDENA A LA PARTE DEMANDANTE INFORMAR AL TRIBUNAL SI EL CASO SE ENCUNTRA

LISTO PARA LA CELEBRACIÓN DEL JUICIO EN SU FONDO, CON LA PRUEBA QUE AL MOMENTO TENGA DISPONIBLE. TENGA LA PARTE DEMANDANTE IGUAL TÉRMINO PARA CUMPLIR LA ORDEN QUE EMITIDA EN RELACIÓN A SU PERSONA, SO PENA DE DESACATO Y/O SEVERAS SANCIONES ECONÓMICAS Y/O LA DESESTIMACIÓN SIN PERJUICIO DE LA PRESENTA ACCIÓN CIVIL.

SE ORDENA A LA SECRETARÍA COLOCAR EL CASO DENTRO DE LOS TÉRMINOS PARA SEGUMIENTO Y CORROBORACIÓN AL CUMPLIMIENTO CON LA ORDEN EMITIDA EN EL DÍA DE HOY.

En respuesta, el 9 de agosto de 2023 Seguros Múltiples presentó una *Moción en torno a orden*, en la cual expuso que el tribunal le impuso una sanción económica a Waste Collection, no obstante, el demandante no presentó evidencia de haber emplazado a dicha parte en el término de 120 días desde la expedición del emplazamiento. Aclaró que la parte demandante no ha realizado ningún descubrimiento de prueba, sino que fue la Cooperativa de Seguros de Vida quien notificó un interrogatorio al demandante el 27 de junio. Aseveró que el demandante contestó el interrogatorio el 21 de julio de 2023, pero que el demandante no se lo informó al tribunal. Asimismo, expresó que el caso no se encuentra listo para el juicio en su fondo, pues aún faltaba que el abogado del demandante coordine la reunión para la redacción del Informe para el Manejo del Caso, a tenor con la Regla 37.1 de Procedimiento Civil, 32 LPRA Ap. V.

Así las cosas, el 10 de agosto de 2023, notificada el día 16 del mismo mes y año, el foro primario dictó la Resolución que revisamos, a saber:

EXAMINADA LA MOCIÓN PRESENTADA Y EL EXPEDIENTE LEGAL DEL CASO DE AUTOS EN ATENCIÓN A LOS SEÑALAMIENTOS REALIZADOS A TRAVÉS DE LA MISMA, ASÍ COMO LAS ÓRDENES EMITIDAS, TANTO EL 27 DE JUNIO DE 2023, COMOEL 1 DE AGOSTO DE 2023, EL TRIBUNAL DISPONE, CORRIJE Y ORDENA:

1. NO SURGIENDO CUMPLIMIENTO ALGUNO POR LA PARTE DEMANDANTE (LUCIANO VELÁZQUEZ

SANTOS), CON LA ORDEN EMITIDA EL 27 DE JUNIO DE 2023, EN EL ACÁPITE TRES (3), EL CUAL CONTIENE UN ERROR AL HABERSE INVERTIDO AL DEMANDANTE POR EL CO-DEMANDADO (COOPERATIVA DE SEGUROS MÚLTIPLES), QUIEN FUE QUIEN CURSÓ UN DESCUBRIMIENTO DE PRUEBA A LA PARTE DEMANDANTE, SE IMPONE AL DEMANDANTE (LUCIANO VELÁZQUEZ SANTOS) UNA SANCIÓN DE $2,000 DÓLARES A FAVOR DEL ESTADO. LA CUAL DEBERÁ SER SATSIFECHA EN LOS PRÓXIMOS DIEZ (10) DÍAS, SO PENA DE DESACATO Y/O AUMENTAR LA CANTIDAD IMPUESTA EN EL DÍA DE HOY.

TÓMESE CONOCIMIENTO, DE QUE LAS PARTES VIENEN OBLIGADAS A MANTENER INFORMADO AL TRIBUNAL SOBRE EL TRÁMITE LEGAL QUE HAN ESTADO LLEVANDO A CABO EN LOS CASOS. EN EL PRSENTE CASO, LA PARTE DEMANDANTE NO HA CUMPLIDO CON DICHO DEBER. NO HA SOMETIDO LOS EMPLAZAMIENTOS DILIGENCOADOS CONTRA LA PARTE DEMANDADA, NO HA INFORMADO AL TRIBUNAL, SI CONTESTÓ EL DESCUBRIMIENTO DE PRUEBA QUE LA PARTE CO-DEMANDA LE CURSÓ.

2. SE CONCEDE AL DEMANDANTE (LUCIANO VELÁZQUEZ SANTOS), EL TÉRMINO PERENTORIO E IMPRORROGABLE DE CINCO (5) DÍAS PARA ACREDITAR AL TRIBUNAL EL DILIGENCIAMIENTO DEL EMPLAZAMIENTO EXPEDIDO EL 27 DE FEBRERO DE 2023 A LA PARTE CO-DEMANDADA WASTE COLLECTION. ESTO SO PENA DE EMISIÓN DE SENTENCIA PARCIAL EN RELACIÓN A DICHO CO-DEMANDADO AL AMPARO DE LA REGLA 4.3 (C) DE LAS DE PROCEDIMIENTO CIVIL.

3. EL TRIBUNAL TOMA CONOCIMIENTO EN EL DÍA DE HOY, A INSTANCIAS DEL CO-DEMANDADO (COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO), QUE EL INTERROGATORIO CUSRADO POR DICHO CO-DEMANDADO FUE CONTESTADO POR LA PARTE DEMANDANTE EL 21 DE JULIO DE 2023. LO CUAL NO SE NOTIFICÓ PREVIAMENTE A ESTE TRIBUNAL.

4. SE ORDENA A LA PARTE DEMANDANTE (LUCIANO VELÁZQUEZ SANTOS), COMUNICARSE CON LA PARTE CO-DEMANDADA (COOPERATIVA DE SEGUROS MÚLTIPLES), PARA COORDINAR LA REDACCIÓN Y/O CONFECCIÓN DEL INFORME DE MANEJO DE CASO. ESTO, SIN PERJUICIO DE QUE SE ACREDITE AL TRIBUNAL EL DILIGENCIAMIENTO DEL EMPLAZAMIENTO EXEDIDO AL CO-DEMANDADO WASTE COLLECTION Y EL TRIBUNAL SE SIRVA A EMITIR ÓRDENES ADICIONALES EN RELACIÓN A DICHO CO-DEMANDADO.

5. SE CONCEDE A LA PARTE DEMANDANTE Y AL CO-DEMANDADO (COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO), EL TÉRMINO PERENTORIO E IMPRORROGABLE DE DIEZ (10) DÍAS, PARA RADICAR MOCIÓN CONJUNTA A TRAVÉS DE LA CUAL SE INFORME LA FECHA SELECCIONADA PARA LA REUNIÓN RELACIONADA A LA REDACCIÓN Y/O CONFECCIÓN DEL INFORME DE MANEJO DE CASOS, SO PENA DE DESACATO Y/O SANCIONES.

Ese mismo 16 de agosto de 2023, el demandante Velázquez Santos instó una *Moción Informativa y de Reconsideración*. Adujo que entendía que las ordenes iban dirigidas a la parte demandada y no pudo deducir o inferir que la orden iba dirigida al demandante. Explicó que quien compareció contestando la demanda fue la compañía de seguros, quienes cursaron un interrogatorio y el demandante lo contestó. Además, informó que habían estado en otras conversaciones extrajudiciales. Manifestó que nunca fue su intención el incumplir con las órdenes del tribunal. Solicitó al Tribunal que reconsidere la sanción impuesta, ya que no fue intencional el incumplimiento de las órdenes emitidas, dado que en todo momento se pensó que eran dirigidas a la parte demandada. Indicó que estaba incluyendo los emplazamientos diligenciados.

Según aseverado, junto a una Moción informativa, el demandante incluyó los emplazamientos diligenciados a Waste Collection el 10 de abril de 2023 y a Seguros Múltiples el 12 de abril de 2023.

Así, el 16 de agosto de 2023 y notificada el día 18 de agosto, el foro primario emitió una Resolución en la cual tomó conocimiento del emplazamiento diligenciado al codemandado Waste Collection. Ese mismo día, notificó otra Resolución para reducir la sanción de $2,000 a $500, más agregó lo siguiente:

EL TRIBUNAL TOMA CONOCIMIENTO DE LA ORDEN EMITIDA PREVIAMENTE, NO OBSTANTE, TOMEN

CONOCIMIENTO LAS PARTES, DE LAS ÓRDENES PREVIAMENTE EMITIDAS Y LAS CUALES PROMUEVEN LA SANCIÓN IMPUESTA Y SOSTENIDA EN EL DÍA DE HOY, LUEGO DE LA RECONSIDERACIÓN SOMETIDA.

ATÉNGASE.

CÚMPLASE ADEMÁS CON LA PARTE DE LA ORDEN EMITIDA, RELACIONADA A LA RADICACIÓN DE MOCIÓN CONJUNTA EN RELACIÓN AL INFORME DE MANEJO DE CASOS YA REQUERIDO. (VÉASE ORDEN EMITIDA SOBRE ESTE PARTICULAR).

El 17 de agosto de 2023 Waste Collection contestó la demanda.

De otro lado, inconforme con la sanción impuesta, el demandante Velázquez Santos acudió a este foro intermedio y arguyó que el foro de primera instancia incidió al:

**Primero:** Al imponer una sanción económica drástica, arbitraria y en claro abuso de su discreción.

**Segundo:** Al no dejar sin efecto la sanción de $2,000 impuesta a la parte demandante-peticionaria.

**Tercero:** Al reconsiderarla sanción impuesta a los fines de que la cantidad impuesta a la parte demandante-peticionaria se reduzca de $2,000 a $500.

Examinado el recurso, el 1 de septiembre de 2023, notificado el 5 de septiembre, le concedimos veinte (20) días a la parte recurrida para presentar su posición y no lo hizo. Evaluamos.

## II.

## A.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR ___ (2023), 2023 TSPR 46; McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce

de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*.  Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".  800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales, (2) asuntos relativos a privilegios evidenciarios, (3) anotaciones de rebeldía, (4) casos de relaciones de familia, (5) asuntos de interés público y (6) situaciones en las cuales esperar a la apelación constituye un fracaso irremediable a la justicia.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.   Esta señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*.  Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  La referida regla dispone lo siguiente:

> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). A su vez, es sabido que en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986).

**B.**

De otro lado, los tribunales de instancia poseen el poder inherente para vindicar la majestad de la ley y para hacer efectiva su jurisdicción, pronunciamientos y órdenes. In re Collazo I,159 DPR 141 (2003); E.L.A. v. Asociación de Auditores, 147 DPR 699, 681 (1999); Pérez Pascual v. Vega Rodríguez, 124 DPR 529, 535

(1989); <u>Sterzinger v. Ramírez</u>, 116 DPR 762, 787 (1985). Ahora bien, el efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. <u>In re Collazo I</u>, *supra*; <u>Pueblo v. Vega Alvarado</u>, 121 DPR 282, 287 (1988). Es por ello por lo que, a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. <u>In re Collazo I</u>, *supra*. En virtud de esos poderes, los tribunales de instancia tienen a su alcance múltiples mecanismos procesales para mantener el control y asegurar el orden en los procedimientos ante su consideración, para hacer cumplir sus órdenes y para realizar cualquier otro acto que resulte necesario para cumplir a cabalidad sus funciones. <u>In re Collazo I</u>, *supra*; <u>E.L.A. v. Asociación de Auditores</u>, *supra*.

A tenor con esta facultad, en nuestro ordenamiento procesal civil existen varias reglas que confieren a los tribunales la autoridad de imponer sanciones. En tal virtud, la Regla 44.2 de las de Procedimiento Civil, 32 LPRA Ap. V, faculta a los tribunales a imponer "costas interlocutorias a las partes y sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia". Véase, además, <u>División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico (CEMPR)</u>, 212 DPR _____, 2023 TSPR 107, res. 5 de septiembre de 2023.

Al interpretar la Regla 44.2, el Tribunal Supremo ha expresado que "[e]l propósito de esta regla es proveer al tribunal un instrumento adicional para agilizar los procedimientos y de esta manera evitar la demora y congestión en los tribunales". Lluch v. España Service Sta., *supra*, págs. 748-749; Pérez Torres v. Acad. Perpetuo Socorro, 182 DPR 1016, 1027 (2011); División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico (CEMPR), *supra*. Conforme lo anterior, el tribunal a iniciativa propia "puede imponer sanciones cuando la conducta de las partes vaya en perjuicio de la eficiente administración de la justicia". Lluch v. España Service Sta., *supra*, pág. 749.

Como es sabido, los tribunales cuentan con un alto grado de discreción al momento de decidir cómo conducir los procedimientos que presiden. No obstante, esa discreción no es infinita ni su ejercicio ocurre en un vacío. Está íntimamente ligada al concepto de razonabilidad. Pueblo v. Santiago Cruz y en interés Menor FLR, 205 DPR 1149 (2020). Es por eso por lo que, aunque los tribunales apelativos generalmente nos abstenemos de intervenir con las decisiones del foro primario relacionadas al manejo del caso, en algunas ocasiones "la buena discreción y la justicia parecen ejercerla a veces, y a pesar de nuestra norma de abstención, resulta ser nuestro deber insoslayable corregir lo que hubiere de exceso o de injusto en el uso de esa discreción, para que no se lesionen derechos que estamos llamados a proteger". Pueblo v. Santiago Cruz y en interés Menor FLR, *supra*, citando a Ortiz Rivera v. Agostini, 192 DPR 187, 193-194 (1965).

**III.**

De los hechos que informa esta causa surge que el 27 de febrero de 2023 el señor Velázquez Santos instó una demanda contra Waste Collection y Seguros Múltiples por daños ocasionados a su vehículo de motor. El demandante emplazó a Waste Collection el 10 de abril de 2023 y la Cooperativa de Seguros Múltiples el 12 de abril de 2023.

El 22 de mayo de 2023 la Cooperativa de Seguros Múltiples le informó al Tribunal que fue emplazada y solicitó treinta días adicionales para contestar la demanda. El TPI le concedió su pedido. Al transcurrir el término, el demandante solicitó la anotación de rebeldía, tanto para la Cooperativa de Seguros Múltiples como para Waste Collection.

La Cooperativa de Seguros Múltiples se opuso e incluyó la contestación a la demanda. Asimismo, le informó al foro primario que le estaba cursando un interrogatorio al demandante. El 27 de junio, el foro primario denegó la anotación de rebeldía y emitió la siguiente orden:

> SE TOMA CONOCIMIENTO DEL DESCUBRIMIENTO DE PRUEBA CURSADO POR LA PARTE **DEMANDANTE** Y SE CONCEDE A LA PARTE **DEMANDADA**, EL TÉRMINO PERENTORIO E IMPRORROGABLE DE TREINTA (30) DÍAS PARA CONTESTAR EL MISMO E **INICIAR DE SU PARTE** CUALQUIER DESCUBRIMIENTO DE PRUEBA QUE DESEE O INTERESE LLEVAR A CABO.

El foro primario también les instruyó a que si llevan a un acuerdo deberían notificarlo al Tribunal. Informó que debían cumplir con lo ordenado so pena de desacato y/o severas sanciones económicas bajo la Regla 44.2 de las de Procedimiento Civil, *infra*.

El 1ro de agosto de 2023 el foro primario le impuso al codemandado Waste Collection una multa por incumplimiento con la orden del 27 de junio. En respuesta, el 9 de agosto de 2023 la Cooperativa de Seguros Múltiples presentó una moción y le aclaró al foro primario que fueron ellos quienes cursaron el interrogatorio al demandante. También le informó al Tribunal que el demandante había contestado el interrogatorio.

El 16 de agosto el tribunal de instancia notificó la sanción de $2,000 al demandante por incumplir la orden del 27 de junio de 2023, luego de reconocer que al emitir la aludida orden incurrió en un error al invertir al demandante por el codemandado.

Ese mismo día, el demandante solicitó reconsideración y explicó que entendía que las órdenes iban dirigidas a la parte demandada y que no fue su intención incumplir. A su vez, incluyó copia de los emplazamientos diligenciados. Tras ello, el foro primario redujo la sanción a $500, acto que aquí también se cuestiona.

Según trasciende de la orden del 27 de junio, la sanción fue impuesta a tenor con la Regla 44.2 de Procedimiento Civil, la cual faculta al foro primario a imponer sanciones "por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia". No obstante, luego de analizado expediente, no encontramos que el demandante incurriera en la conducta identificada en la Regla 44.2 de Procedimiento Civil que amerite una sanción de tal magnitud.

El expediente refleja que el demandante emplazó oportunamente a las partes. Aun cuando no incluyó el emplazamiento diligenciado al foro primario, sí le notificó al

Tribunal que los demandados fueron emplazados, cuando solicitó que se le anotara la rebeldía.

De otro lado, la orden del 27 de junio requería contestar el descubrimiento de pruebas en treinta días. No obstante, la orden estaba dirigida a la parte demandada y no al demandante, lo cual razonablemente creó confusión a las partes. Por tanto, el foro primario no debió penalizar a las partes por su error. Aun así, el demandante no incumplió con la referida orden pues este contestó el interrogatorio **dentro del término de treinta días**, según lo aceptó la Cooperativa de Seguros Múltiples y lo aseveró el demandante en la Moción informativa y de reconsideración.

De manera que, no divisamos que el demandante incurriera en conducta constitutiva de inacción, abandono, falta de diligencia o incumplimiento con las órdenes del tribunal. Ante ello, el foro primario debió reconsiderar y eliminar la sanción, la cual consideramos excesiva. Al no hacerlo, incidió el Tribunal de Primera Instancia.

### IV.

En consideración a lo anteriormente expresado, se expide el auto solicitado y se revoca la Resolución recurrida. Dejamos sin efecto la sanción de $500 impuesta al demandante.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones